1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARAELLEN WILSON,<br><br>                                Plaintiff,<br><br>        v.<br><br>JOHN DOE, WANE BOSS and<br>FIRST LUTHERAN CHURCH 1420<br>3RD AVE 92101,<br><br>                                Defendant. | Case No. 19-cv-791-BAS-BLM<br><br>**ORDER (1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING CASE**<br><br>**[ECF No. 2]** |

Plaintiff Barbaraellen Wilson filed a complaint against John Doe, Wane Boss, and First Lutheran Church 1420 3rd Ave 92101. (ECF No. 1.) On her civil cover sheet, Plaintiff lists the causes of action as "assault and battery and lying to the police" and also lists the statute 43 U.S.C. § 1983, which the Court assumes is intended to be 42 U.S.C. § 1983. (ECF No. 1-1.) Plaintiff's complaint is at times illegible, but from what the Court can gather, Plaintiff states on April 22, 2019, she was at the "law clinic workshop" which is located at First Lutheran Church. (ECF

No. 1, at 1.)[1]  At one point, Defendant Boss asked her to leave because he said she was making a mess.  Defendant Doe then grabbed Plaintiff and "started fistfighting" her, took her outside, threw her up in the air, and slammed her to the ground.  Plaintiff had various injuries, so she called for an ambulance.  Two police officers arrived but Plaintiff says the officers will not give her an incident report.  Plaintiff does not list the two officers as defendants, but alleges in her complaint that police officers have emotionally, mentally, and physically "violated" her for twenty years.  (*Id.* at 3.)

Along with her complaint, Plaintiff filed a motion for leave to proceed in forma pauperis.  (ECF No. 2.)

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment.  The determination of indigency falls within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency").  It is well-settled that a party need not be completely destitute to proceed IFP.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite,

---

[1] Plaintiff attached to her complaint a "complaint form" and she wrote at the top "Community review board."  (ECF No. 1, at 4.)  It is not clear if she submitted this form to an agency or some sort of review board, or if it is a continuation of her complaint.  The Court will construe the form as part of her complaint.

at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff earns a total of $914/month through disability benefits. Plaintiff has no money in any bank accounts, and no assets. Plaintiff's monthly expenses are $870/month. Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. The Court therefore **GRANTS** Plaintiff leave to proceed in forma pauperis. However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others and any assistance Plaintiff may receive from family or the government.

## II. SCREENING

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

The Court first addresses subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There are two types of jurisdiction: federal question jurisdiction and diversity jurisdiction. First, federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Plaintiff here asks for $25,000 in punitive damages

and provides no detail as to the citizenship of the Parties in her case. Diversity jurisdiction therefore does not exist.

As to federal question jurisdiction, only on her cover sheet does Plaintiff mention a federal statute — 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). Here, Plaintiff provides no detail as to why this statute applies to her case, or what constitutional right was violated. Further, it is not clear to the Court that there was any state action. Plaintiff brings the case against two individuals and a church. Plaintiff appears to allege the two individuals are employees of the church. Neither they, nor the church, are plausibly pled to be acting under the color of state law. Further, as noted above, Plaintiff makes many allegations against the police officers who responded to the scene after the incident occurred, but the officers' actions are not relevant to Plaintiff's assault and battery claim against the named Defendants and therefore provide no basis of jurisdiction against the Defendants. Therefore, Plaintiff has not pled the existence of federal question jurisdiction. Without subject matter jurisdiction, Plaintiff's case cannot proceed in this Court.

The Court notes that Plaintiff states she went to "civil court" as well as federal court, has spoken with "public assistance investigation," and left a message with the attorney general's office. (ECF No. 1, at 7.) If Plaintiff is not bringing a federal claim and is only bringing state-law claims that do not meet the standards of diversity jurisdiction, federal court is not the avenue for Plaintiff's claims.

Because there is no subject matter jurisdiction over this matter as pled, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. However, the Court **GRANTS** Plaintiff an opportunity to amend her complaint to more clearly detail why her case belongs in this Court. Plaintiff may file an amended complaint

on or before June 3, 2019. *Failure to file an amended complaint by this date may result in this case being dismissed for failure to prosecute.*

**IT IS SO ORDERED.**

**DATED: May 2, 2019**

Hon. Cynthia Bashant
United States District Judge